**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION**

| | | |
|---|---|---|
| Mitsui Sumitomo Insurance Company of America, as subrogee of North American Lighting, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 3:22-cv-761 |
| v. | ) ) | |
| Reliable Carriers, Inc., | ) ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

NOW COMES Plaintiff, Mitsui Sumitomo Insurance Company of America, as subrogee of North American Lighting, Inc., by and through Counsel, Cozen O'Connor, and for its Complaint against Defendant Reliable Carriers, Inc., states as follows:

## <u>PARTIES</u>

1.      Plaintiff, Mitsui Sumitomo Insurance Company of America ("Mitsui"), is an insurance company organized and existing under the laws of the State of New York with a principal place of business located at 560 Lexington Avenue, 20th Floor, New York, New York 10022.

2.      At all times relevant, Mitsui was engaged in the business of issuing policies of insurance and was duly authorized to conduct said business in the State of Illinois.

3.      Plaintiff's insured, North American Lighting, Inc. ("NAL"), is a corporation organized and existing under the laws of the State of Michigan with a principal place of business located at 20 Industrial Park, Flora, Illinois 62839.

4.       At all times relevant, NAL was in the business of manufacturing forward and rear lighting components, including but not limited to headlamps, for automobiles.

5.     Defendant Reliable Carriers, Inc. ("Reliable Carriers"), is a corporation organized and existing under the laws of the State of Tennessee with a principal place of business located at 217 Volunteer Pkwy, Manchester, Tennessee 37349.

6.     At all times relevant, Reliable Carriers was in the business of shipping goods.

## JURISDICTION & VENUE

7.     This Court has original jurisdiction of this action under 28 U.S.C. §1332, as this action concerns the liability of citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as this action concerns the liability of a carrier for loss and/or damage to goods transported within interstate commerce under 49 U.S.C. § 14706, and the amount in controversy exceeds $10,000, exclusive of interest and costs.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. Venue is further proper under 49 U.S.C. § 14706(d)(2) because the incident complained of occurred within the boundaries of the Southern District of Illinois, Benton Division.

## FACTS

10.     At all times relevant, NAL contracted with Reliable Carriers to ship automotive LED headlamps (the "Shipment") from Flora, Illinois to Lincoln, Alabama.

11.     At all times relevant, NAL was the owner of the Shipment.

12.     Bill of Lading No. 42792 reflects that the Shipment for transportation was interstate, specifically from Flora, Illinois to Lincoln, Alabama. A true a correct copy of the Bill of Lading is attached hereto as Exhibit A.

13.     On or around February 9, 2021, the Shipment was packed, sealed, and loaded on Reliable Carriers' trailer for shipping.

14.     On or around February 9, 2021, NAL relinquished control of the Shipment to Reliable Carriers, who upon receipt of the Shipment, confirmed it was in good order, condition and quality.

15.     On February 9, 2021, the Shipment left Flora, Illinois.

16.     On February 9, 2021, and within approximately one hour of leaving Flora, Illinois, the trailer containing the shipment slid off the road and rolled onto its side (the "rollover event").

17.     As a result of the rollover event, the automotive LED headlamps were damaged and could not be warranted for sale and/or installation into automobiles sold to the public due to significant safety concerns.

18.     Due to Reliable Carriers' conduct or omissions while en route from Flora, Illinois to Lincoln, Alabama, the Shipment was damaged, resulting in a total loss exceeding $75,000 (the "Loss").

19.     At all times relevant, Mitsui insured NAL against loss and damage to NAL's property under its policy of insurance.

20.     Following the Loss, Mitsui reimbursed NAL under the relevant policy for the damage to NAL's property in an amount in excess of $75,000.

21.     Mitsui is the bona fide contractual and equitable subrogee of NAL for this Loss and is subrogated to the rights and responsibilities of NAL by virtue of its payment in excess of $75,000.

## COUNT I – BREACH OF CONTRACT AND DUTIES
### Under the Carmack Amendment 49 U.S.C. § 14706

22.     Plaintiff hereby incorporates and restates paragraphs one (1) through twenty-one (21) as though fully incorporated herein.

23.     At all times relevant, Reliable Carriers owed NAL a duty to properly arrange, ship, transport, and deliver the Shipment in the same good order and condition in which it was received pursuant to the terms and condition of Bill of Lading No. 42792. Pursuant to its obligations as a motor carrier of goods for hire under 49 U.S.C. § 14706, the Carmack Amendment, Reliable Carriers is liable to NAL for damages resulting to the Shipment while in transit.

24.     Reliable Carriers received the Shipment in good order and condition, but did not properly arrange, ship, transport, and/or deliver the Shipment in the same good order and condition as required under Bill of Lading No. 42792.

25.     As a direct and proximate result of Reliable Carriers' breach of its duties, the Shipment was not delivered in the same good order and condition as it was when accepted and received by Reliable Carriers.

26.     By reason of the foregoing, Reliable Carriers have caused damage to Plaintiff in an amount greater than $75,000.

WHEREFORE, Plaintiff, Mitsui Sumitomo Insurance Company of America, as subrogee of North American Lighting, Inc., respectfully requests that this Court enter a judgment in favor its favor and against Defendant Reliable Carriers, Inc., in an amount in excess of $75,000, together with interest and/or any other relief that this court deems just and proper.

LEGAL\57063442\1

## COUNT II – NEGLIGENCE

27.     Plaintiff hereby incorporates and restates paragraphs one (1) through twenty-one (21) as though fully incorporated herein.

28.     At all times relevant, Reliable Carriers owed NAL a duty to exercise reasonable skill and care in inspecting and transporting the Shipment from Flora, Illinois to Lincoln, Alabama.

29.     Reliable Carriers breached its duty of reasonable skill and care by failing to deliver the Shipment in the same good care and condition in which it was received.

30.     As a direct and proximate result of Reliable Carriers' breach of duty, the Shipment was damaged, thus resulting in the Loss to NAL.

31.     By reason of the foregoing, Reliable Carriers have caused damage to Plaintiff in an amount greater than $75,000.

WHEREFORE, Plaintiff, Mitsui Sumitomo Insurance Company of America, as subrogee of North American Lighting, Inc., respectfully requests that this Court enter a judgment in favor its favor and against Defendant Reliable Carriers, Inc., in an amount in excess of $75,000, together with interest and/or any other relief that this court deems just and proper.

Dated: April 20, 2022                    Respectfully submitted,

                                         COZEN O'CONNOR

                                         /s/Jonathan M. Levy

                                         Jonathan M. Levy
                                         Cozen O'Connor
                                         123 N Wacker Drive, Ste 1800
                                         Chicago, IL 60606
                                         Tel: (312) 382-3100
                                         Fax: (312) 382-8910
                                         jlevy@cozen.com
                                         *Attorney for Plaintiff*

LEGAL\57063442\1